In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-01001-CR
____________

JOHN MARK DUNCAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 821433




O P I N I O N
          A jury convicted appellant of aggravated sexual assault, assessed punishment
at five years’ confinement, and recommended that his sentence be suspended. The
trial court placed appellant on community supervision for 10 years. We affirm.
Reliability Hearing
          In his first and second points of error, appellant contends that the trial court
erred in admitting the outcry testimony of Carol Partridge, the complainant’s
grandmother, without first conducting a hearing in compliance with article 38.072 of
the Texas Code of Criminal Procedure. Article 38.072 provides an exception to the
hearsay rule for an out-of-court statement made by a child abuse victim to the first
adult person describing an alleged offense. See Tex. Code Crim. Proc. Ann. art.
38.072 (Vernon Supp. 2002). Under the rule, a hearsay statement is admissible if (1)
the State provides timely notice to the defendant of its intention to introduce an
outcry statement, (2) the trial court finds, in a hearing conducted outside the presence
of the jury, that the statement is reliable based on the time, content, and circumstances
of the statement, and (3) the child testifies or is available to testify at trial. Id. at
§2(b)(1 - 3). 
          The State provided timely notice to appellant that it intended to call the outcry
witness and provided a summary of the outcry statement. Three days before trial,
appellant filed a motion in limine in which, inter alia, he requested the trial court to
comply with article 38.072. The trial court did not make a ruling on this request.
During the trial, before the outcry witness testified, appellant objected to her
testimony on hearsay grounds and again requested a hearing outside the presence of
the jury in compliance with article 38.072. The trial court overruled appellant’s
objection without conducting a hearing. 
          When the outcry witness testified about the complainant’s statements, appellant
objected again and obtained a running objection. The trial court overruled the
objections.
          The requirements of article 38.072 are mandatory. Long v. State, 800 S.W.2d
545, 547 (Tex. Crim. App. 1990). Appellant sufficiently apprised the trial court of
his request for a hearing. Lankston v. State, 827 S.W.2d 907, 911 (Tex. Crim. App.
1992). The trial court abused its discretion by admitting the outcry witness’s
testimony about the complainant’s outcry without first conducting a hearing on the
reliability of the statement. Bottenfield v. State, 77 S.W.3d 349, 359 (Tex.
App.—Fort Worth 2002, pet. ref’d).
Harm Analysis
          Because we find the trial court erred in refusing appellant’s demand for an
article 38.072 hearing, we must now consider whether appellant was harmed by the
admission of the outcry witness’s hearsay testimony. Bottenfield, 77 S.W.3d at 359-60. Appellant argues that this Court should conduct its harm analysis in accordance
with the holding in Dorado v. State, 843 S.W.2d 37, 38 (Tex. Crim. App. 1992). In
Dorado, the Court of Criminal Appeals held that when the State fails to provide
38.072 notice, when such notice is required, error should not be presumed. Id. 
Instead, the court of appeals must conduct a harm analysis pursuant to former rule
81(b)(2) of the Texas Rules of Appellate Procedure, which requires reversal unless
the court finds, beyond a reasonable doubt, that the error made no contribution to the
conviction or to the judgment. Id.
          However, after the Dorado opinion was issued, rule 81(b)(2) was replaced by
rule 44.2(a) and (b) of the Texas Rules of Appellate Procedure. Appellant argues
that, in this case, the harm analysis should be conducted pursuant to rule 44.2(a). We
disagree.
          Although rule 44.2(a) mimics the language of the former rule, the dual standard
of the new rule changed harm analysis. Rule 44.2(a) is applied if the record reveals
constitutional error; rule 44.2(b) is applied to any other error.
          In this case, we apply rule 44.2(b) to determine whether the trial court's error
constitutes reversible error. Bottenfield, 77 S.W.3d at 359-60; Tex. R. App. P.
44.2(b). Non-constitutional error must be disregarded unless it affects substantial
rights of the defendant. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). 
A substantial right is affected when the error had a substantial and injurious effect or
influence in determining the jury’s verdict. King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997); Hankton v. State, 23 S.W.3d 540, 548 (Tex. App.—Houston [1st 
 Dist.] 2000, pet. ref’d). A conviction should not be overturned for such error if this
court, after examining the record as a whole, has fair assurance that the error did not
influence the jury, or had but a slight effect. Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998).
          In this case, several instances of similar testimony were developed and offered
without objection. The complainant testified at trial, without objection, that appellant
sexually abused her. She testified to the details of and circumstances surrounding the
abuse, and testified that she had first told the outcry witness of the abuse. Moreover,
Sheela Lahoti, a pediatrician at the Children’s Assessment Center, testified, without
objection, that the complainant told the nurse practitioner who examined her the
following: that appellant touched her “po-po” with his finger; that her clothes were
off when this occurred; and that it hurt when he touched her. This interview was
documented in complainant’s medical records that were also admitted without
objection. 
          Any error in admitting evidence is cured where the same evidence comes in
elsewhere without objection. See Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim.
App. 1984). The two exceptions to this rule are (1) when the party asks for and
receives a running objection and (2) when the party receives a ruling outside the
presence of the jury. Tex. R. Evid. 103(a)(1); Ethington v. State, 819 S.W.2d 854,
858 (Tex. Crim. App. 1991).
          In this case, neither exception to the rule applies with regard to the various
instances when similar testimony was admitted. Therefore, because the outcry
witness’s testimony included the same facts that were admitted into evidence without
objection, we hold that the trial court’s error in admitting the outcry witness’s
testimony was harmless.
          We overrule appellant’s first and second points of error.
          In his third point of error, appellant contends that the trial court erred in
denying his motion for a new trial. Appellant contends it was error for the trial court
to deny him a new trial based on its failure to conduct a 38.072 hearing before
admitting the outcry witness’s testimony that included hearsay statements. Because 
we hold that appellant was not harmed by this error, the trial court did not err in
denying appellant’s motion for a new trial.
          Accordingly, we overrule appellant’s third point of error.
Limitation of Cross Examination
          In his fourth through eighth points of error, appellant contends that his federal
and state constitutional rights were violated when the trial court limited his cross-examination of complainant’s mother, Carollette Vandygriff. Specifically, appellant
asserts that he was deprived of the right to develop Vandygriff’s testimony about
David Gonzalez, a third party who appellant asserts was an alternative perpetrator. 
When appellant was cross-examining Vandygriff, the following exchange occurred: 
[Defense Attorney]: Do you remember there being some
suspicions that maybe David Gonzalez had inappropriately
touched Megan during one of these times that he was over
at your house when John was at work?
[Vandygriff]: No, sir.
[Defense Attorney]: Did you know that David Gonzalez is,
in fact, in the Harris County jail for child molesting?
[The State]: I object to counsel testifying and assuming
facts not in evidence.
                              *        *        *        *        *        *
[Defense Attorney]: I have a good faith basis in it, your
Honor. 
                              *        *        *        *        *        *
Court: You don’t ask questions like that. You can ask the
questions about suspicions but you cannot get into who
may be or not in the county jail. That’s not a proper
question.
                        
          Defense counsel’s question, in revealing that Gonzalez was in county jail for
child molestation, assumed facts not in evidence. Prohibiting this kind of interjection
of prejudicial hearsay as fact, in front of the jury, is the purpose of the objections
“assumes facts not in evidence” and “counsel testifying” See Ramirez v. State, 816
S.W.3d 636, 652 (Tex. Crim. App. 1991). The trial court correctly ruled that the
question was not proper. Appellant’s right to confrontation is not violated when he
is not permitted to ask a question that is not proper.
          Therefore, we overrule appellant’s fourth through eighth points of error.
          In his ninth point of error, appellant contends that the trial court erred in
denying his motion for a new trial based on the trial court’s limitation of his cross-examination of Vandygriff. Because the trial court did not err in sustaining the
State’s objection, we hold that the trial court did not err in denying appellant’s motion
for a new trial. 
          We overrule the ninth point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Keyes, and Duggan.



Publish. Tex. R. App. P. 47.4