Opinion issued April 13, 2006








     






In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00630-CR
           01-05-00631-CR




JUAN CHAVEZ MELCHOR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court 
Harris County, Texas
Trial Court Cause Nos. 996791 and 1000262




MEMORANDUM OPINION

          Following a joint jury trial on two separate indictments, appellant Juan Chavez
Melchor was convicted of indecency with a child


 and aggravated sexual assault



against L.V., the complainant. See Tex. Penal Code Ann. § 21.11(a) (Vernon
2003), § 22.021(a)(1)(B), (2)(B) (Vernon Supp. 2005). The jury assessed punishment
at 10 years’ confinement, suspended for 10 years of community supervision, for the
indecency with a child offense and assessed punishment at 30 years’ confinement for
the aggravated-sexual assault offense. In two points of error, appellant contends that
the trial court erred when it (1) overruled his hearsay objection to the State’s outcry
witness and (2) denied his request to question L.V., regarding a possible motive for
her claims of sexual abuse. 
          We affirm. 
Background
          Appellant rented a room from L.V.’s family. When L.V. was eight or nine,
appellant began sexually abusing her. As L.V. later reported, appellant would touch
her vagina, breasts, and buttocks through her clothing. On one occasion, L.V. was
on her bed watching television when appellant came in, lay down next to her, and
pulled her on top of him. L.V. tried to get up, but appellant pulled her back down on
top of him. Appellant then touched her vagina through her clothes.
          On another occasion, when she was “around nine,” appellant pulled L.V. into
his bedroom, and threw her on his bed. Appellant began rubbing L.V.’s body through
her clothing. Appellant took off his shirt and pulled his pants and underwear part
way down. Appellant felt underneath L.V.’s shirt, pushed up her bra, and felt her
breasts. Appellant pulled L.V.’s shorts and underwear halfway down and rubbed her
“private parts” with his fingers. Appellant then rubbed L.V.’s vagina with his penis. 
Appellant placed his finger in L.V.’s vagina. Appellant tried to insert his penis into
L.V.’s vagina but she pushed him away. 
          After her father got married, L.V.’s family moved to a new house. Appellant
continued to reside with the family, living in a room in the garage. In early August
2004, the final incident between appellant and L.V. occurred. L.V., L.V.’s brother,
and L.V.’s friend, were in appellant’s room listening to music. As L.V.’s friend and
L.V.’s brother were wrestling, appellant pulled L.V. next to him on the bed. 
Appellant pinched L.V.’s bottom and hugged her tightly. Appellant began rubbing
L.V.’s breasts and vagina through her clothes. L.V. pinched and slapped appellant
and then left appellant’s room.
          Approximately one week later, on August 8, 2004, L.V. told her sister, Ivelisse,
what appellant had done the week before in the garage apartment. L.V.’s mother and
father also learned about appellant’s inappropriate conduct that same day. The family
called the police and appellant was arrested that night. 
Outcry Witness
          In his first point of error, appellant complains that “[i]t was error for the trial
court to overrule appellant’s hearsay objection to the testimony of the forensic
interviewer.” 
          L.V. was interviewed by forensic interviewer Aimee McAndrew at the
Children’s Assessment Center on August 23, 2004. At trial, McAndrew described in
detail how L.V. had told her that appellant had touched her vagina, breasts, and
buttocks through her clothing and that appellant had touched her vagina with his
hands and his penis. 
          Before McAndrew testified regarding what L.V. had told her during the
interview, the following exchange occurred:
[McAndrew]: I asked [L.V.] why she came to the Assessment Center.
[The State]: And who—did she mention who had sexually abused her?
[Defense counsel]: Judge, I’m going to object to [sic] hearsay grounds,
Your Honor, to this whole line of questioning.
 
[The State]: This is the outcry witness, Your Honor.
 
THE COURT: It’s overruled.
          On appeal, appellant contends that, rather than overruling his hearsay
objection, the trial court should have conducted a hearing to determine whether
McAndrew was a proper outcry witness pursuant to Code of Criminal Procedure
article 38.072. Appellant points out that, before trial, the State had served notice on
appellant naming two outcry witnesses: McAndrew and L.V.’s sister Ivelisse. 
Appellant also points out that the testimony of various witnesses at trial indicate that
L.V. had, to some extent, told other persons, including Ivelisse and the arresting
police officer, about appellant’s sexual abuse before L.V. was interviewed by
McAndrew. Appellant asserts, “[i]t is impossible to know who the outcry witness
should have been, because the facts were not developed at a hearing.” 
          Code of Criminal Procedure article 38.072 provides a limited exception to the
preclusion of hearsay evidence. Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon
2005). The statute defines outcry statements as the victim’s statements made to the
first person, other than the defendant, 18 years of age or older, which describe the
alleged offense. Id. § (2)(a). Article 38.072 applies only to certain offenses,
including indecency with a child and other sexual offenses under Penal Code chapter
21, when the offense is committed against a child 12 years of age or younger. Id. § 1. 
The statute further requires that “the trial court find, in a hearing conducted outside
the presence of the jury, that the statement is reliable based on time, content, and
circumstances of the statement.” Id. § 2(b)(2).
          Here, the defense’s objection that McAndrew’s testimony was “hearsay”
properly informed the trial court that the defense was objecting to McAndrew
testifying before an article 38.072 hearing had been conducted.


 See Long v. State,
800 S.W.2d 545, 548 (Tex. Crim. App. 1990) (holding that defense’s hearsay
objection to designated outcry witness’s testimony served to apprise trial court that
counsel was objecting to witness testifying before article 38.072 hearing had been
conducted). The provisions of article 38.072 are mandatory and must be complied
with for the outcry statement to be admissible over a hearsay objection. See Duncan
v. State, 95 S.W.3d 669, 671 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). The
trial court commits error if it overrules the hearsay objection without conducting a
hearing. See Long, 800 S.W.2d at 848. Thus, the trial court in this case abused its
discretion when it overruled the defense’s hearsay objection and admitted
McAndrew’s testimony without first conducting an article 38.072 hearing.


 Id. 
          Because we conclude that the trial court erred by not conducting an article
38.072 hearing, we must now consider whether appellant was harmed by the
admission of McAndrew’s testimony. See Duncan, 95 S.W.3d at 671. Because such
error is non-constitutional in nature, we apply the harm analysis set forth in Rule
44.2(b). See Duncan, 95 S.W.3d at 672; see also Tex. R. App. P. 44.2(b). 
          Non-constitutional error must be disregarded unless it affects substantial rights
of the defendant. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). A
substantial right is affected when the error had a substantial and injurious effect or
influence in determining the jury’s verdict. King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997); Duncan, 95 S.W.3d at 672. A conviction should not be overturned
for such error if this Court, after examining the record as a whole, has fair assurance
that the error did not influence the jury, or had but a slight effect. Duncan, 95 S.W.3d
at 672 (citing Johnson v. State, 410 S.W.2d 410, 417 (Tex. Crim. App. 1998)). 
Likewise, improper admission of evidence is not reversible error if the same or
similar evidence is admitted without objection at another point in the trial. Leday v.
State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); see Duncan, 95 S.W.3d at 672
(holding improper admission of outcry testimony was harmless error because similar
testimony was admitted through complainant, pediatrician, and medical records). 
          L.V. testified at trial, without objection, that appellant touched her vagina,
breasts, and buttocks through her clothing. She also testified that appellant had
touched her breasts under her clothing and had touched her vagina with his fingers
and his penis. In many respects, L.V.’s testimony at trial was more detailed than that
of McAndrew regarding the specifics of the sexual contact and the events
surrounding the contact. In addition, L.V.’s sister Ivelisse testified, without
objection, that L.V. had told her that appellant had touched L.V.’s “private part.” 
          The State did not emphasize McAndrew’s testimony regarding L.V.’s
statements to her, but instead focused on L.V.’s live testimony at trial. Lastly,
nothing in the record indicates that the defense was surprised by McAndrew’s
testimony. The State’s outcry notice was sent to the defense more than two months
before trial and indicated that McAndrew, along with Ivelisse, would testify that L.V.
had told them about appellant’s sexual abuse. The notice also provided a summary
of the content of the statements that L.V. had made to McAndrew and Ivelisse.
McAndrew’s testimony at trial was consistent with that summary. 
          After examining the record as a whole, we are fairly assured that admitting
McAndrew’s testimony did not influence the jury or had but a slight effect; thus, we
hold that the error was harmless. 
          We overrule appellant’s first point of error.
Motive for L.V.’s Allegations of Abuse
          Appellant frames his second point of error as follows: “It was error for the trial
court to deny the defense the opportunity to question the complaining witness
regarding a possible motive for her claims of sexual abuse.” In this regard, appellant
cites to the following exchange, which occurred during the defense’s cross-examination of L.V.:
[Defense counsel]: So you started living with your dad since you were
six years old you said?
 
[L.V.]: Yes.
 
[Defense counsel]: Do you know why you were not able to live with
your mom anymore?
 
[The State]: Your Honor, I’m going object. That’s not relevant.
 
THE COURT: Sustained.
 
[Defense counsel]: Do you know if you or your sister made a claim that
the new—your stepfather was touching one of your sisters and that’s
why you had to return to your father?
 
[The State]: I’m going to object that that is not relevant.
 
THE COURT: Sustained.
          On appeal, appellant contends that the trial court erred in sustaining the State’s
objections because “if the complainant was unhappy living with her father, and
wished to live with her older sister, that fact could well be a motive for fabricating an
allegation of abuse, especially if she was aware that an earlier allegation by her sister
did in fact result in the complainant and her sister being moved out of the residence
where the offender was.” Appellant asserts that “[d]efense counsel was certainly
entitled to explore this motive or interest on the complainant’s part. It was clearly
established at trial that [L.V.] was afraid of her father, and that she wished to live with
her sister.”
          Appellant points out that “[a] witness may be cross-examined on any matter
relevant to any issue in the case, including credibility.” Tex. R. Evid. 611(b). 
Appellant argues that his cross-examination of L.V. regarding the reason that she and
her sister went to live with her father was proper under Rule of Evidence 613(b)
because it showed motive with regard to her allegations against appellant. See Tex.
R. Evid. 613(b) (permitting impeachment of witness by proof of circumstances or
statements showing his or her bias or interest). 
          The State contends that appellant did not preserve the Rule 613(b) complaint
for review. We agree. 
          A party offering evidence has the burden to establish admissibility and, when
the theory of admissibility is not presented to the trial court, argument is not
preserved for appellate review. Johnson v. State, 963 S.W.2d 140, 142 (Tex.
App.—Texarkana 1998, pet. ref’d). Appellant did not argue to the trial court that he
was relying on the provisions of Rule 613(b) as a basis for eliciting testimony from
L.V. that her sister had made allegations of sexual abuse and that, as a result of those
allegations, the sisters went to live with their father. Appellant also did not request
the trial court to rule on the admissibility of the sister’s allegations of sexual abuse
as impeachment to show a motive for L.V.’s testimony against appellant. See Dixon
v. State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) (op. on reh’g) (concluding that
objection under Rule 608(b) did not preserve a complaint under former Rule 612(b),
now Rule 613(b)); Loredo v. State, 32 S.W.3d 348, 351 (Tex. App.—Waco 2000, pet.
ref’d) (concluding that appellate argument that excluded testimony would have shown
bias or motive was not preserved for appeal because appellant had neither presented
such argument to trial court nor obtained a ruling). 
          Moreover, “[e]rror in the exclusion of evidence may not by urged unless the
proponent perfected an offer of proof or a bill of exceptions.” Guidry v. State, 9
S.W.3d 133, 153 (Tex. Crim. App. 1999). Appellant did not make or request the
opportunity to make an offer of proof or bill of exception to include what the
excluded testimony would have been. Absent a showing of what such testimony
would have been, or an offer of a statement concerning what the excluded evidence
would show, nothing is presented for review. See id.; see also Tex. R. App. P. 33.2;
Tex. R. Evid. 103(a)(2). 
          We hold that appellant did not preserve error as to his second point of error,
and we need not address its merits. We overrule appellant’s second point of error.
Conclusion
          We affirm the judgments of the trial court.




                                                   Laura Carter Higley
                                                   Justice

Panel consists of Justices Taft, Higley, and Bland

Do not publish. Tex. R. App. P. 47.2(b).