NUMBER 13-05-00778-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


GERMAN ELITO LOPEZ TORRES, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 

 

On appeal from the 389th District Court of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and VelaMemorandum Opinion by Chief Justice Valdez


 German Elito Lopez Torres appeals the trial court's judgment revoking his
community supervision for aggravated robbery and sentencing him to 7 years in prison. 
Tex. Penal Code Ann. § 29.03 (Vernon 2003). Torres's sole issue on appeal is ineffective
assistance of trial counsel. He contends that his counsel (1) failed to object to certain
evidence, (2) failed to provide witnesses to support Torres's defensive theories, (3) failed
to request a Presentence Investigation Report ("PSI"), and (4) failed to argue Torres's
minor role in the offense and conduct an adequate closing argument. We affirm. 


I. BACKGROUND


 On December 22, 2000, Lucio Medrano was working as the night watchman at an
auto supply store. Several subjects robbed the store at gunpoint. Medrano was severely
injured during the robbery. There is conflicting evidence regarding Torres's level of
participation in the robbery. In any event, Torres entered a plea of guilty to the aggravated
robbery charge, had the adjudication of his guilty plea deferred, and was sentenced to 10
years community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon 2006). 
Additionally, he was ordered to pay a $5,000 fine, $7,304.27 in restitution, and court costs. 

 On January 5, 2005, the State filed the underlying motion for adjudication. The
State's motion, as amended, alleged that Torres violated numerous community supervision
conditions. Those violations included, among others, driving while intoxicated, possessing
a controlled substance, failing to remain in a restitution center, and failing to make
restitution payments. Id. at § 23.

 An adjudication hearing was held on August 19, 2005. Torres pled "not true" to the
allegations made in the State's motion for adjudication. Jose Gonzalez, Torres's most
recent probation officer, testified for the State as to Torres's behavior while on probation. 

 Gonzalez testified that Torres failed to make restitution payments, failed to report
to probation officers on time, and had been arrested for driving while intoxicated. Much of
Gonzalez's testimony came by referencing what were referred to as "chronos," which are
reports prepared by four of Torres's former probation officers. Torres's counsel objected
to the chronos as hearsay. The State then offered them as business records, and they
were admitted without objection. 

 The State also called McAllen Police Officers Robert Leija and Leonel Escalon to
testify about their arrest of Torres for drunk driving on September 7, 2004. The officers
testified that they saw Torres nearly hit several vehicles while he was pulling out of a
parking lot at 2:08 a.m. When they approached Torres, he smelled of alcohol, had slurred
speech, and flunked three field sobriety tests.

 The trial court found that Torres had violated numerous probation conditions and
then made a finding of guilt as to the aggravated robbery charge. During the punishment
phase, the State reintroduced the evidence used in the adjudication of guilt without
objection. Torres received a seven year prison sentence. This appeal ensued.

II. DISCUSSION

A. Applicable Law

 In reviewing claims of ineffective assistance of counsel, we apply a two-prong test. 
See Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing Strickland v.
Washington, 466 U.S. 668, 687(1984)). To establish ineffective assistance of counsel,
appellant must prove by a preponderance of the evidence that (1) his trial counsel's
representation was deficient in that it fell below the standard of prevailing professional
norms; and (2) there is a reasonable probability that, but for counsel's deficiency, the result
of the trial would have been different. Id. A reasonable probability is a probability sufficient
to undermine confidence in the outcome. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim.
App. 2001).

 When evaluating a claim of ineffective assistance, the appellate court looks to the
totality of the representation and the particular circumstances of each case. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There is a strong presumption that
counsel's actions and decisions were reasonably professional and were motivated by
sound trial strategy. Salinas, 163 S.W.3d at 740; Stults v. State, 23 S.W.3d 198, 208 (Tex.
App.-Houston [14th Dist.] 2000, pet. ref'd). To overcome the presumption of reasonable
professional assistance, "any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness." 
Thompson, 9 S.W.3d at 814. When the record is silent as to the reasons for counsel's
conduct, a finding that counsel was ineffective would require impermissible speculation by
the appellate court. Stults, 23 S.W.3d at 208. Absent specific explanations for counsel's
decisions, a record on direct appeal will rarely contain sufficient information to evaluate an
ineffective assistance claim. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

B. Sub-Issue 1: State's Introduction of Evidence at Punishment Phase

 Torres first contends that he was denied effective assistance of trial counsel when
Gonzalez's testimony was admitted during the punishment phase. Torres argues that
Gonzalez's testimony contained hearsay statements and that its introduction at the
punishment phase violated his constitutional rights under the Confrontation Clause. U.S.
Const. amend. VI; see also Tex. R. Evid. 802 (providing that hearsay is not admissible
except as provided by statute, the rules of evidence, or other rules prescribed pursuant to
statutory authority).

 Torres's first sub-issue fails to pass Strickland's first prong. For a criminal defendant
to successfully maintain an effective assistance argument premised on his trial counsel's
failure to object to the State's questioning and argument, he must show that the trial court
would have committed error in overruling such an objection. Vaughn v. State, 931 S.W.2d
564, 566 (Tex. Crim. App. 1996). During the adjudication phase, the "chronos" were
admitted under the business records exception to the hearsay rule without objection. Tex.
R. Evid. 803(6). Probation records may have probative value and can constitute evidence
of facts. Hardman v. State, 614 S.W.2d 123, 128 (providing that probation payment
records constituted evidence of defendant's failure to pay required fees). The trial court,
therefore, could have properly considered Gonzalez's testimony and the "chronos" when
assessing a sentence. Moreover, the trial court could have also considered the live
testimony of Officers Leija and Escalon in determining Torres's punishment. Duncan v.
State, 95 S.W.3d 669, 672 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd) (any error in
admitting evidence cured when same evidence comes in elsewhere without objection)

 Regarding Torres's Confrontation Clause argument, he fails to explain how the
"chronos" are more testimonial in a constitutional sense than they are business records,
and we may not speculate on that issue. Tex. R. App. P. 38.1(h) (providing that a brief
must contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record). Torres's first sub-issue is overruled. 

C. Sub-Issue 3: Trial Counsel's Failure to Request a PSI

 Torres argues in sub-issue three that trial counsel was ineffective because he
purportedly failed to request a PSI. We disagree.

 A defendant's counsel has the option to request the judge to issue a PSI report. 
Tex. Code Crim. Proc. Ann. art. 42.12 § 9(a) (Vernon 2006). The judge is not required to
issue a PSI report in a felony case where imprisonment is the only punishment available
to the defendant. Tex. Code Crim. Proc. Ann. art. 42.12 § 9(g)(3) (Vernon 2006). The
effect of not requesting a PSI report can only be speculative. See Bone v. State, 77
S.W.3d 808, 835 (Tex. Crim. App. 2002) (stating ineffective assistance of counsel claims
cannot be speculative). 

 Torres must show the alleged errors by trial counsel had an adverse affect on the
defense; otherwise, the trial counsel's actions must be considered sound trial strategy. 
Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (quoting Strickland, 466
U.S. at 689). Torres does not provide sound evidence to demonstrate that he was
prejudiced at the sentencing hearing because trial counsel failed to request a PSI report. 
See Rylander, 101 S.W.3d at 111 (discussing how an undeveloped record cannot reflect
trial counsel's motives). Additionally, trial strategy can be instrumental in influencing
defense counsel's decision on whether to request the PSI report. Trial counsel may have
chosen not to request the PSI report to prevent the trial court from seeing Torres's past
because of other incidents not yet apparent to the court. See Bone, 77 S.W.3d at 835. 
Torres's third sub-issue is overruled.

D. Sub-Issues 2 and 4: Inadequately Briefed

 In his second sub-issue, Torres contends that his trial counsel failed to present
witnesses on his behalf to explain why he did not comply with certain community
supervision terms and also that his trial counsel failed to adequately prepare for the
punishment phase. In his fourth sub-issue, Torres alleges that his trial counsel was
ineffective because he failed to argue that Torres played a minor role in the aggravated
robbery. Additionally, Torres alleges that his trial counsel failed to present a more
compelling closing argument. 

 Sub-issues two and four do not contain a single citation to legal authority. They are
inadequately briefed. Tex. R. App. P. 38.1(h) (providing that a brief must contain a clear
and concise argument for the contentions made, with appropriate citations to authorities
and the record). Accordingly, sub-issues two and four are overruled.

III. CONCLUSION

 We overrule Torres's sole issue on appeal. The judgment of the trial court is
affirmed.


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 19th day of July, 2007.