Opinion issued
October 20, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00622-CR

———————————

DANIEL PEREZ MARTINEZ, Appellant

V.

THE
STATE OF TEXAS, Appellee



 



 

On Appeal from the 179th
District Court

Harris County, Texas



Trial Court Case No. 1202348

 



 

 

 

 

 

 

MEMORANDUM
OPINION

          A
jury found appellant, Daniel Perez Martinez, guilty of the offense of
aggravated sexual assault of a child under six years of age.[1]  The jury assessed punishment at 25 years in prison.[2]  On appeal, appellant raises two issues,
asserting that the trial court erred (1) by admitting hearsay testimony and (2)
by admitting evidence of an extraneous sexual offense.  

          We
affirm.

Background

          Four-year-old
C.M. would often stay with her grandmother, Celia, while her mother, Flora,
worked the night shift.  On the evening
of December 3, 2008, Celia’s husband was transported to the hospital, and Celia
could not care for C.M.  Instead, C.M.
stayed with Celia’s sister, Rose, and Rose’s husband, appellant.  

On December 13, 2008, C.M. indicated
to her mother, Flora, that appellant, had touched her genital area and kissed
her on the mouth when she had stayed at appellant’s house.  When Flora confronted him, appellant denied
the accusation.  

          On
December 15, 2008, C.M. was examined by a sexual assault nurse at Texas
Children’s Hospital.  The examination did
not reveal any sign of sexual abuse and neither confirmed nor refuted that C.M.
had been sexually assaulted.  

          In
April 2009, C.M. began seeing a licensed therapist, Dorothy Ashley.  During one therapy session, Ashley showed
C.M. pictures of various family members, including appellant.  C.M. told Ashley that appellant was a “bad
man.”  When Ashley asked C.M. why appellant
was bad, C.M. told Ashley that appellant had touched her between her legs with
his hand.  

          In
June 2009, a grand jury indicted appellant for the offense of aggravated sexual
assault.  The indictment provided that, on
December 3, 2008, appellant “unlawfully, intentionally and knowingly” penetrated,
with his finger, the sexual organ of C.M., a child less than six years of age.  

At trial, the State offered
the testimony of Flora, who described C.M.’s outcry and the events that
followed.  Celia also testified regarding
the events surrounding the incident.  Flora
and Celia both testified that, since the incident, C.M.’s behavior has changed.
 In addition, Dorothy Ashley, the
therapist who counseled C.M., and the nurse, who had examined C.M. at Texas
Children’s Hospital, testified at trial. 


C.M. also testified.  She was five at the time of trial.  Through the aid of an anatomically correct
doll, C.M. testified about the details of the sexual assault.  On direct examination, C.M. testified that
she was sitting on a bed in appellant’s house and was wearing her purple and
yellow pajamas.  Appellant’s wife was in
another room feeding the pet bird.  C.M. stated
that appellant was standing by the bed on which she sat.  C.M. testified that appellant took off her
underwear and put his hand on her “butt” and touched her “middle part” with his
hand.  The prosecutor asked C.M. to
indicate on the doll where appellant had touched her, and she complied.  The prosecutor then stated for the record that
C.M. had identified the “female sexual organ” on the doll.  C.M. also testified that when he touched her
“middle part,” appellant had put his hand inside her body.  C.M. indicated on the doll that appellant had also
touched her anus.  C.M. testified that, although
appellant told her it would feel good, it felt “bad.” 

Appellant testified in his
own defense at trial.  He denied sexually
assaulting C.M.  Appellant’s wife also
testified.  Her testimony generally corroborated
that of her husband and indicated that appellant did not have the opportunity
to assault C.M.  

Appellant also called a
number of character witnesses, including friends and family.  These witnesses testified that appellant was
a person of good moral character and a hard worker.  A couple of the witnesses testified that
appellant was someone with whom he or she would entrust his or her own
children.  Appellant’s goddaughter
testified that she had stayed with appellant when she was a child.  She stated that she had never felt
uncomfortable around appellant and that she was surprised by the allegations. 

As a rebuttal witness, the
State called appellant’s niece, Lisa.  She
testified that, 26 years earlier, when she was nine years old, appellant had
touched her inappropriately.  In the
first instance, Lisa recalled that she was sitting on the floor in a bedroom of
appellant’s home watching television. 
Appellant was in the room with her when he reached down from the bed and
rubbed her breast a few times with his hand. 
Lisa stated that she was certain that the touching had been
intentional.  

In the second incident, Lisa
was lying on her stomach on the bed watching television.  She stated that appellant came into the
bedroom and lay on top of her.  Lisa
testified that appellant began “rubbing his pelvis and his penis on her
butt.”  She did not recall staying with
appellant and his wife again after the second incident.  

The jury found appellant
guilty of the offense of aggravated sexual assault of a child under six years
of age, as charged in the indictment.  The
jury assessed appellant’s punishment at 25 years in prison.  This appeal followed.

Admission of Therapist’s
Testimony

          In
his first issue, appellant contends that the trial court abused its discretion in
admitting the testimony of C.M.’s therapist, Dorothy Ashley, regarding certain
declarations made by C.M. to Ashley.  Appellant
complains specifically about Ashley’s testimony in which she stated that, during
a therapy session, C.M. told her that appellant was a “bad man” because he had
touched her between her legs.  

          In
the trial court, appellant asserted a hearsay objection to the testimony.  The State countered appellant’s objection by
asserting that Ashley’s testimony fell within the medical treatment and diagnoses exception to the
hearsay rule.  See Tex. R. Evid. 803(4).  On
appeal, appellant claims the medical treatment and diagnoses exception does not apply because, as
required in Taylor v. State, the
State did not show that (1) C.M.’s statement to Ashley was pertinent to her
diagnosis or treatment of C.M. or that (2) C.M. understood why she was seeing a
therapist.  268 S.W.3d 571 (Tex. Crim.
App. 2008).  In Taylor, the Court of Criminal Appeals concluded that Rule 803(4)
requires proof that (1) the child-declarant was aware that the statements were
made for the purpose of medical diagnosis or treatment, which depended on the
veracity of such statements, and (2) the particular statement was pertinent to
treatment, that is, it was appropriate for an expert to rely on that
information.  Id. at 588–91.  

The State argues that
appellant waived his Taylor challenge
because he did not raise it in the trial court.  The State acknowledges, citing Long v. State, 800 S.W.2d 545, 546–48 (Tex. Crim. App. 1990), that “a
hearsay objection is generally sufficient to preserve error for appeal,” but,
at the same time asserts, in the context of this case, that appellant’s hearsay
objection was too general to preserve the specific complaint he raises on
appeal.  

The State further asserts
that, even assuming appellant preserved error, any error in admitting Ashley’s
testimony, is harmless error.  We agree.

We will not reverse a
judgment if the error was harmless.  Rule
of appellate procedure 44.2(b) provides that any error, other than
constitutional error, that does not affect the defendant’s substantial rights
must be disregarded.  Tex. R. App. P. 44.2(b).  Here, any error in admitting Ashley’s hearsay
testimony is non-constitutional error.  See Casey v. State, 215 S.W.3d 870, 885
(Tex. Crim. App. 2007) (applying standard of review under rule 44.2(b) to
erroneous admission of evidence); see
also Walters v. State, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007) (stating erroneous
evidentiary ruling “generally constitutes non-constitutional error and is
reviewed under Rule 44.2(b)”).  

A substantial right is
affected when, after reviewing the record as a whole, a court concludes the
error had a substantial and injurious effect or influence on the outcome of the
proceeding.  Burnett v. State, 88 S.W.3d 633, 637 & n.8 (Tex. Crim. App. 2002);
King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997).  Stated
conversely, a substantial right is not affected by the erroneous admission of
evidence “if the appellate court, after examining the record as a whole, has
fair assurance that the error did not influence the jury, or had but a slight
effect.”  Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).  

In assessing harm, we
examine the entire record and “calculate, as much as possible, the probable
impact of the error upon the rest of the evidence.”  Coble v.
State, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010).  We consider, among other relevant factors, the
testimony or physical evidence admitted for the fact finder’s consideration,
the nature of the evidence supporting the verdict, the character of the alleged
error, and how the evidence might be considered in connection with the other
evidence in the case.  Haley v. State, 173 S.W.3d 510, 518
(Tex. Crim. App. 2005); Motilla, 78
S.W.3d at 355–56.  The weight of the
evidence of the defendant’s guilt is also relevant in conducting the harm
analysis under rule 44.2(b).  Neal v. State, 256 S.W.3d 264, 285 (Tex.
Crim. App. 2008); Motilla, 78 S.W.3d
at 357.  An improper admission of
evidence is not reversible error if the same or similar evidence is admitted
without objection at another point in the trial.  Leday
v. State, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998); see Duncan v. State, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d) (holding improper admission of outcry testimony was
harmless error because similar testimony was admitted through complainant,
pediatrician, and medical records).

Appellant contends that he
was harmed by the admission of Ashley’s testimony.  He asserts that the testimony served to
bolster C.M.’s credibility—the key issue in this case.  In addition, appellant states that C.M.’s characterization
of him as a “bad man” was “inflammatory,” and he describes the State’s case
against him as “weak.”

A review of the record
reveals that Ashley’s testimony regarding C.M.’s statement that appellant was a
bad man because he put his hand between her legs was not substantial.  In contrast, five-year-old C.M. testified and
told the jury, in her own words, how appellant had touched her and how it made
her feel.  C.M. showed the jury where appellant
had touched her by pointing to the parts of a doll.  C.M.’s mother, Flora, also testified and
stated that C.M. had told her that appellant had touched her “private
part.”  

Flora and Celia each testified
that C.M.’s behavior had changed since the incident.  Specifically, they testified that C.M. now
acts shy and embarrassed around strangers. 
In addition, C.M.’s speech, appetite, and sleep patterns have changed.  

Ashley also testified that,
when she initially met C.M., she noticed that C.M. was “hypervigilant” and was clinging
to her mother.  Ashley stated that such
behavior is commonly seen in a child who has suffered a traumatic event such as
sexual abuse.  

The defense thoroughly cross-examined C.M. and the
State’s other witnesses, including Ashley. 
The defense cross-examined Ashley specifically about C.M.’s
characterization of appellant as a bad man. 
The defense cross-examined Ashley regarding the possibility that C.M.
may have been influenced or manipulated by her family to refer to appellant as
a bad man.  

In addition, the jury heard from appellant’s niece, Lisa.  She testified that appellant had touched her in
a sexual manner, on two occasions, when she was a child.  

Lastly, the record shows that that State did not
emphasize Ashley’s testimony in its closing statement.  Instead, the State emphasized the credibility
of C.M.’s allegations.  In doing so, the
State did not rely on Ashley’s testimony, but on C.M.’s demeanor and other
corroborating evidence.  The State also
pointed out inconsistencies in the defense’s theory of the case and asserted
that appellant and his witnesses were not credible.  Again, the State did not rely on Ashley’s
testimony in making this argument.  

A review of the record shows
that the effect of the testimony in dispute was muted by other evidence
introduced by the State that was either similar to the testimony or which
served to corroborate C.M.’s testimony.  Importantly,
both C.M. and appellant testified at trial, allowing the jury to observe each
and make a credibility assessment.  In
short, the State presented ample evidence of appellant’s guilt, aside from the disputed
testimony.  After examining the record as
a whole, we have a fair assurance that the alleged errors did not influence the
jury, or had but a slight effect.  See
Motilla, 78 S.W.3d at 355. 
Accordingly, we hold that any error in admitting the disputed testimony
was harmless.  See Tex. R. App. P. 44.2(b).

We overrule appellant’s first issue.

Admission of Extraneous
Offense Testimony

          In
his second issue, appellant contends that the trial court erred when it admitted
the testimony of Lisa in which she stated that, 26 years earlier, appellant had
touched her inappropriately on two occasions. 
On appeal, appellant asserts that the incidences were too remote in time
to have any probative value.  We agree
with the State that appellant has not preserved this complaint for appeal.

To preserve error, the
record must show that the complaining party gave the trial court an opportunity
to rule on the complaint by presenting that complaint to the trial court in a
specific and timely objection.  See Tex.
R. App. P. 33.1(a); Martinez v.
State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).  Concomitantly, a ground of error presented on
appeal must comport with the objection raised at trial; otherwise nothing is
presented for review.  See Swain v. State, 181 S.W.3d 359, 367
(Tex. Crim. App. 2005) (stating that objection does not preserve error unless
it comports with appellant’s argument on appeal); see also Hailey v. State, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002)
(stating that appellate court cannot reverse on legal theory not presented to
trial court by complaining party).  We
will not reverse a trial court’s evidentiary ruling on a theory of
admissibility or inadmissibility not raised at trial.  See
Martinez, 91 S.W.3d at 336.  

At trial, appellant objected
to Lisa’s testimony on the ground that he had not received proper notice of her
testimony regarding the extraneous offenses. 
Appellant did not object to the testimony on the ground that it had no
probative value because the incidents were temporally too remote.  Because he did not give the trial court the
opportunity to consider whether Lisa’s testimony was inadmissible on the ground
that the incidents were too remote in time, appellant may not now raise that
argument on appeal.  See Tex. R. App. P.
33.1(a).  We conclude that appellant has
failed to preserve error with respect to the admission of Lisa’s testimony.  See id.

We overrule appellant’s
second issue.

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices
Keyes, Higley, and Massengale.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. § 22.021(a)
(Vernon 2011).

 





[2]           See
Tex. Penal Code Ann. §§ 12.32(a)
(Vernon 2011), 22.021(f)(1).