In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00367-CR
_____

JIMMY DON CASEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR29444

MEMORANDUM OPINION

A jury convicted appellant Jimmy Don Casey of continuous sexual abuse of a child and assessed punishment at thirty years of confinement and a $10,000 fine. In three appellate issues, Casey challenges the sufficiency of the evidence, the trial court's decision not to grant a mistrial after the jury heard testimony that allegedly violated the motion *in limine*, and the application language contained in the jury charge. We affirm the trial court's judgment of conviction.

1

## THE EVIDENCE

Officer Charles Braxton Morton testified that when he was working with the Liberty County Sheriff's Department, Officer Michael Strait of the Liberty County Sheriff's Office referred a sexual assault case to him. Morton gathered information from the primary report and began contacting witnesses, "contacting the victims," and "began setting up interviews with them . . . ." Morton also "gave them directions on what they needed to do, the victims needed to do in terms of getting" examined by a sexual assault examination nurse. Morton testified that he spoke with the victim, K.W., as well as K.W.'s mother, R.W., and other individuals. Morton explained that he was investigating Casey, who was K.W.'s stepfather. Morton explained that no physical evidence existed because "[t]he events that . . . occurred had happened some time before."

After K.W.'s outcry, a forensic nurse examined K.W. The nurse testified that she is certified as a sexual assault nurse examiner for both pediatric and adult patients. As part of her examination, the nurse took K.W.'s history, during which she recorded K.W.'s birthdate as June 7, 1995, and K.W. disclosed to the nurse that Casey had been molesting her for thirteen years. K.W. told her that Casey inserted his fingers into her female sexual organ, inserted his tongue into her mouth, thrust his sexual organ on her clothed body in a repetitive fashion,

2

ejaculated while touching her female sexual organ, grabbed her hand and placed it on his penis, and touched her breasts and buttocks. K.W. reported to the nurse that the last time Casey sexually abused her was five months before the examination. The nurse explained that her impression of K.W. was sexual assault by patient history. The trial court admitted a partially redacted version of the nurse's report into evidence, which still contained K.W.'s birthdate.

R.W., the mother of K.W., testified that Casey is her former husband. When the prosecutor asked R.W. why she left Casey, she testified, "Because he molested my kids." Defense counsel objected that the testimony was hearsay and "inadmissible under the rules of the Code of Criminal Procedure" and also moved for a mistrial and requested a limiting instruction. The trial court sustained counsel's objection and instructed the jury to "please totally disregard the comment of the witness[,]" but denied the motion for mistrial. R.W. testified that she and Casey lived in three different homes during their marriage. According to R.W., their first house was brown, and they were living there in approximately 1999, when K.W. was three or four years old. R.W. also testified that the family moved from the brown house to a white house on the same street approximately one to two years later.

3

K.W., who was eighteen years old at the time of the trial, testified that Casey is her former stepfather. K.W. testified that R.W. and Casey were married for approximately thirteen years. K.W. testified that she lived in the same home with Casey since she was about two years old. According to K.W., the family resided in a brown house, a white house, and a yellow house. K.W. testified that the family moved into the brown house when she was two or three years old, and she was in kindergarten when the family moved into the white house. K.W. further testified that the family moved into the yellow house in 2004.

In 2011, K.W. told her fiancé and her sister that Casey had been molesting her, and her family contacted the authorities. When asked what she meant when she used the term "molested," K.W. testified that Casey would massage her inner legs and touch her sexual organ while touching his sexual organ. K.W. explained that this began when she "was little[,]" occurred on many occasions, and had been happening for as long as she could remember. K.W. described incidents when she was riding on a jet ski and a four-wheeler with Casey and he touched her sexual organ. K.W. testified that the incident on the jet ski occurred on March 13, 2008, which is also the date on the photograph admitted as State's Exhibit 11.

According to K.W., when the family resided at the white house, Casey took her out of the shower and looked at her sexual organ. K.W. testified that when the

4

shower incident occurred, she was approximately eight years old. K.W. described an incident at the white house when she awakened in the middle of the night and Casey was touching her sexual organ. K.W. explained that the incidents with Casey happened "[s]ometimes every other day and sometimes weekly[]" and occurred over a period greater than a month. According to K.W., Casey thrust his sexual organ against her clothed body, and Casey penetrated her sexual organ with his finger on one occasion when she was fourteen. The State rested at the conclusion of K.W.'s testimony.

## ISSUE ONE

In his first issue, Casey contends the evidence was legally insufficient to support his conviction for continuous sexual abuse of a child. When evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury is the ultimate authority on the credibility of witnesses and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 894-95; *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). We give full deference to the jury's

responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. We may not substitute our judgment for that of the fact finder concerning the weight and credibility of the evidence. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

The indictment alleged that Casey committed the offense of continuous sexual abuse of a child, K.W., who was younger than fourteen years of age. A person commits the offense of continuous sexual abuse of a child[1] if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

Tex. Penal Code Ann. § 21.02(b) (West Supp. 2014).

Section 21.02 of the Penal Code defines "act of sexual abuse" as, among other things, indecency with a child (other than by touching the child's breasts) and sexual assault. Tex. Penal Code Ann. § 21.02(c) (West Supp. 2014). A person

---

[1]The statute that created the offense of continuous sexual abuse of a child became effective on September 1, 2007, and the statute does not apply to acts of sexual abuse committed before its effective date. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127, 1148 (current version at Tex. Penal Code Ann. § 21.02 (West Supp. 2014)).

commits the offense of indecency with a child if the person engages in sexual contact with the child or causes the child to engage in sexual contact or, with intent to arouse or gratify the sexual desire of any person, exposes his anus or any part of his genitals knowing the child is present or causes the child to expose the child's anus or any part of her genitals. Tex. Penal Code Ann. § 21.11 (West 2011). A person commits the offense of sexual assault if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means. *Id.* § 22.011(a)(2)(A) (West 2011).

As discussed above, evidence indicating that K.W.'s birthday is June 7, 1995, was before the jury. According to K.W., Casey began molesting her when she "was little[,]" and the abuse had been occurring for as long as she could remember. K.W. testified that Casey touched her sexual organ while she was riding on a jet ski with him on March 13, 2008. K.W.'s thirteenth birthday was June 7, 2008, so K.W. was twelve when Casey touched her sexual organ on the jet ski. In addition, K.W. explained that the abuse occurred "[s]ometimes every other day and sometimes weekly[]" and occurred over a period greater than a month. According to the forensic nurse that examined K.W., K.W. disclosed to her that Casey had been molesting her for thirteen years.

7

It was the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Hooper*, 214 S.W.3d at 13. Although some of the events K.W. described occurred before September 1, 2007, the effective date of the continuous sexual abuse of a child statute, the jury could reasonably infer that at least two acts of abuse occurred after that date. *See Williams v. State*, 305 S.W.3d 886, 890 & n.7 (Tex. App.—Texarkana 2010, no pet.) (Inability of child victims to articulate specific times when abuse occurred is "[a]rguably . . . precisely the kind of situation the Legislature considered when enacting Section 21.02 of the Texas Penal Code."). The jury had before it evidence that Casey touched K.W.'s sexual organ on March 13, 2008, when she was twelve years old, as well as K.W.'s testimony that the abuse had been going on for many years and had occurred as recently as five months prior to her outcry and examination by the forensic nurse. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found the essential elements of the offense of continuous sexual abuse of a child beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 912; *Hooper*, 214 S.W.3d at 13. Accordingly, we overrule Casey's first issue.

## ISSUE TWO

In his second issue, Casey argues that the trial court erred by failing to grant his motion for mistrial when R.W. testified that she divorced Casey "[b]ecause he molested my kids." As discussed above, when Casey's counsel objected to the testimony on grounds that it was hearsay and inadmissible under the Texas Code of Criminal Procedure, he moved for a mistrial and requested a limiting instruction. The trial court sustained the objection and instructed the jury to totally disregard R.W.'s comment, but denied the motion for mistrial.

We review the trial court's denial of a motion for mistrial for an abuse of discretion. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). Mistrial is appropriate for a narrow class of "highly prejudicial and incurable errors[,]" and may be granted when the court is "faced with error so prejudicial that 'expenditure of further time and expense would be wasteful and futile.'" *Id*. (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)). Instructing the jury to disregard will generally cure error associated with testimony referring to an extraneous offense. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992); *Campos v. State*, 589 S.W.2d 424, 428 (Tex. Crim. App. 1979). When, as here, a trial court instructs a jury to disregard certain testimony, we generally presume that the jury followed the trial court's instructions. *Ladd v. State*, 3

S.W.3d 547, 567 (Tex. Crim. App. 1999). In addition, we note that Casey did not object to two instances during Officer Morton's testimony when Morton referred to "victims" rather than "victim." *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (Improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial.).

The trial court sustained Casey's objection to R.W.'s testimony and immediately instructed the jury to disregard it. We conclude that the trial court did not abuse its discretion by denying the motion for mistrial. *See Simpson*, 119 S.W.3d at 272; *Kemp*, 846 S.W.2d at 308; *Campos*, 589 S.W.2d at 428; *see also Leday*, 983 S.W.2d at 718; *Duncan*, 95 S.W.3d at 669. We overrule issue two.

ISSUE THREE

In his third issue, Casey argues that he was egregiously harmed by the alleged error in the application paragraphs of the trial court's charge to the jury. Specifically, Casey complains that it failed to include the unanimity language "required by the continuous sexual abuse statute." The unanimity requirement states as follows:

> [M]embers of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the

exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

Tex. Penal Code Ann. § 21.02(d). Casey asserts that the first and second paragraph of the application portion of the charge "failed to include the 30 or more days in duration element," and the third paragraph does not "contain any language relating back to either of the first two paragraphs."

The charge defined the offenses of continuous sexual abuse of a child, indecency with a child by contact, and indecency with a child by exposure. The paragraph that defined continuous sexual abuse of a child explained that "[a] person commits an offense if during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse . . . and, at the time of the commission of each of the acts of sexual abuse, the person was 17 years of age or older and the victim is a child younger than 14 years of age." The charge also defined "act of sexual abuse" as "any act that is a violation of [sic] indecency with a child, if the actor committed the offense in a manner other than by touching the breast of a child, including touching through clothing." The application paragraphs of the charge provided as follows:

> Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that from on or about the 1st day of December, 2007 through the 1st day of June, 2009, in Liberty County, Texas, the defendant, JIMMY DON CASEY, did

then and there with intent to arouse or gratify the sexual desire of the defendant and/or [K.W.] intentionally or knowingly engage in sexual contact with [K.W.] by touching the genitals of [K.W.], a child younger than 14 years of [age]; AND/OR,

If you find from the evidence beyond a reasonable doubt that from on or about the 1st day of December, 2007 through the 1st day of June, 2009, in Liberty County, Texas, the defendant, JIMMY DON CASEY, did then and there with intent to arouse or gratify the sexual desire of the defendant and/or [K.W.] intentionally or knowingly cause [K.W.], a child younger than 14 years of age, to engage in sexual contact by causing the said [K.W.] to touch the genitals of the defendant, JIMMY DON CASEY,

If you find from the evidence beyond a reasonable doubt that during a period that is thirty (30) or more days in duration, JIMMY DON CASEY[] committed two or more acts of sexual abuse, you will find the defendant guilty of Continuous Sexual Abuse of a Child, as charged in the indictment.

When reviewing alleged charge error, we must first determine whether error existed in the charge. *Sakil v. State*, 287 S.W.3d 23, 25 (Tex. Crim. App. 2009). When, as here, the appellant did not object to the alleged error, we will reverse only if the error is "'so egregious and created such harm'" that the defendant did not receive a fair and impartial trial. *Id*. at 26 (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). We consider (1) the entire jury charge, (2) the state of the evidence, including contested issues and the weight of probative evidence, (3) the parties' arguments, and (4) any other relevant information found in the record as a whole. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

As discussed above in our analysis of the legal sufficiency of the evidence, when viewing the totality of the evidence in the light most favorable to the verdict, the jury could have reasonably inferred that Casey committed at least two acts of sexual abuse between December 1, 2007, and June 1, 2009. Although K.W. provided only one concrete date when abuse occurred (March 13, 2008), the jury could have reasonably inferred based upon her testimony about the frequency of the abuse and its ongoing nature that at least two incidents occurred over a period greater than thirty days between the dates alleged in the indictment. The weight of the probative evidence is substantial. Thus, we conclude that the state of the evidence in this case weighs heavily against finding that the alleged charge error denied Casey a fair and impartial trial.

We now examine the entirety of the jury charge. *See id*. As previously discussed, the offense of continuous sexual abuse of a child requires (1) two or more acts of sexual abuse (2) during a period of thirty or more days (3) by a defendant who was at least seventeen years of age and (4) committed against a victim who is younger than fourteen years of age. Tex. Penal Code Ann. § 21.02(b). The first application paragraph explicitly reminded the jury that the relevant time period is December 1, 2007, to June 1, 2009. In addition, the application paragraphs correctly instructed the jury that to convict Casey, it must

(1) find beyond a reasonable doubt that "from on or about the 1st day of December, 2007 through the 1st day of June, 2009," with intent to arouse or gratify the sexual desire of Casey or K.W., Casey intentionally or knowingly touched K.W.'s genitals "AND/OR[,]" (2) find beyond a reasonable doubt that "from on or about the 1st day of December, 2007 through the 1st day of June, 2009," Casey caused K.W. to engage in sexual contact by causing her to touch his genitals. Although the third paragraph was not connected with the first or second paragraphs by the use of "and/or" or another conjunction, the second paragraph ended with a comma, alerting the jury to continue on to the third paragraph. The third paragraph reminded the jury that to find Casey guilty of continuous sexual abuse of a child, it must find beyond a reasonable doubt that Casey committed two or more acts of sexual abuse over a period that is thirty or more days in duration. Viewing the charge in its entirety, we conclude that it weighs against a finding that Casey was denied a fair and impartial trial. *See Sakil*, 287 S.W.3d at 26.

Next, we review the arguments of counsel and other relevant information found in the record. *See Allen*, 253 S.W.3d at 264. At the beginning of the trial, the State read the indictment to the jury and took Casey's plea of not guilty. As previously discussed, the indictment alleged, in pertinent part, that "during a period that was 30 or more days in duration, to wit from on or about the 1st day of

14

December, 2007 through the first day of June, 2009[,]" Casey committed two or more acts of sexual abuse against K.W., a child younger than fourteen years of age, by touching her genitals "and/or" causing her to touch his genitals.

During closing arguments, the prosecutor stated, "The first question in your analysis is going to be whether or not Jimmy Don Casey committed the crime of continuous sexual abuse against a young child[,]" and he argued, "You heard from [K.W.] all the evidence you will need to render a verdict of guilty to the charge of continuous sexual abuse of a young child." The prosecutor argued that K.W. was a child when the abuse occurred and did not write on a calendar "every time she had one of these awful encounters with her stepfather." The prosecutor concluded his argument by stating, "Everything that you heard from [K.W.] is sufficient. Every piece of evidence you need to find him guilty was present in her testimony." During closing, defense counsel reminded the jury that it could request a copy of the indictment during deliberations, and he argued that the evidence did not rise to the level of finding Casey guilty beyond a reasonable doubt.

Viewing the arguments of counsel and the reading of the indictment, we conclude that they weigh against a finding that Casey was denied a fair trial. *See Allen*, 253 S.W.3d at 264. Having concluded that the state of the evidence, the totality of the charge, arguments of counsel, and other relevant information weigh

against a finding that Casey was denied a fair trial, we overrule issue three and affirm the trial court's judgment. *See Sakil*, 287 S.W.3d at 26.

     AFFIRMED.


                         _____

                            LEANNE JOHNSON
                                  Justice


Submitted on August 12, 2014
Opinion Delivered October 29, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

16