**AFFIRMED; Opinion Filed March 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01538-CR

**DOMINGO SANCHEZ-RODRIGUEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80148-2012**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Evans

A jury convicted Domingo Sanchez-Rodriguez on two counts of indecency with a child. The trial court sentenced him to three years in prison. In eleven points of error, appellant generally challenges the sufficiency of the evidence to support his conviction, the admission of certain evidence, an instruction to the jury, and the effectiveness of his trial counsel. Concluding that all of appellant's points of error are without merit, we affirm the trial court's judgment.

### BACKGROUND

A.J., her mother, and younger sister lived in the same apartment complex as appellant and his wife, a retired couple. During October and November of 2011, appellant's wife babysat A.J. after school at the couple's apartment until A.J.'s mother came home from work. She also watched A.J.'s younger sister as well as other children. Appellant was at home when the

children were being watched. A.J. testified that while she was sitting on a chair with appellant watching television, he rubbed his hands over her clothes on her privates where she urinates.[1] She also stated that appellant showed his "private part" to her and made her touch it while they were outside behind the apartment complex dumpster. When A.J.'s father picked her up on the evening of November 9, 2011, A.J. told him her babysitter's husband showed her his private parts and made her touch his private parts and that he touched her private parts with his hand. He called the police and took A.J. to the children's advocacy center where she was interviewed. Appellant was arrested very early the next morning. At the police station, he was interviewed around 4 a.m. or 5 a.m. with the assistance of a Spanish-speaking police officer. In the interview, which was recorded, appellant denied any wrongdoing.

In addition to A.J.'s testimony, the State offered testimony from her father on A.J.'s outcry statement, testimony from A.J.'s mother about what A.J. told her, and testimony from the forensic interviewer who interviewed A.J. Investigating police officer Chris Meehan and officer Lisa Mitchell, who interpreted for appellant during his recorded police interview, also testified. Additionally, the recordings of A.J.'s forensic interview and appellant's police station interview were admitted into evidence. Appellant's wife and two other witnesses who had children that appellant and his wife babysat testified for the defense.

ANALYSIS

**Sufficiency of the Evidence**

In his tenth and eleventh points of error, appellant contends that the evidence is legally and factually insufficient to support his conviction for indecency with a child. Specifically, he argues the only evidence supporting the verdict was the trial testimony of the then seven-year-old complainant which was inconsistent with her forensic interview.

---

[1] A.J. was seven years old at the time of trial.

–2–

We no longer employ separate legal and factual sufficiency standards when reviewing insufficient evidence complaints in criminal cases. *See Merritt v. State*, 368 S.W.3d 516, 525 n.8 (Tex. Crim. App. 2012). Instead, the only standard is whether the evidence is sufficient to prove beyond a reasonable doubt, every element of the crime charged. *See Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). In reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 313 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We assume the fact finder resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the trier of fact's determinations of witness credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899.

Uncorroborated testimony of a child victim is sufficient to support a conviction for a sexual offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West Supp. 2013); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). Any conflicts between A.J.'s trial testimony and her forensic interview were all before the jury and we must defer to its determination of her credibility and the weight to be given her testimony. *See Brooks*, 323 S.W.3d at 899. Moreover, A.J.'s father also testified that she told him appellant "made her touch his private parts and that he touched her private parts with his hands." We overrule appellant's tenth and eleventh points of error.

**Father's Outcry Testimony**

In his first and second issues, appellant challenges the admission of testimony from A.J.'s father regarding her outcry statement. Appellant contends the trial court abused its discretion in admitting the hearsay statement without first conducting a hearing outside the presence of the

jury as required by article 38.072 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(b)(2) (West Supp. 2013). He also asserts that admission of the outcry statement violated his due process rights under the Texas and United States Constitutions.

We review a trial court's ruling regarding the admission of outcry testimony under an abuse of discretion standard. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). At trial, appellant objected to A.J.'s father's testimony about her outcry statement on the grounds of hearsay. The trial court initially sustained the objection. After confirming A.J.'s father was the State's outcry witness, however, he overruled appellant's objection and allowed the testimony without holding a hearing outside the presence of the jury.

The requirements of article 38.072 are mandatory and appellant's hearsay objection sufficiently apprised the trial court of his request for a hearing. *See Long v. State*, 800 S.W.2d 545, 547–48 (Tex. Crim. App. 1990). However, in this case, any error in failing to hold a hearing before admitting the testimony was harmless. *See Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007) (any error must disregarded unless it affected appellant's substantial rights). There were several other instances of similar and more specific and unobjected-to testimony of the abuse at trial. A.J. testified at trial in detail about appellant's sexual abuse. The forensic interviewer also testified as to what A.J. told her, and A.J.'s recorded forensic interview was played for the jury. In its closing argument, the State focused on A.J.'s trial testimony and forensic interview and did not mention the outcry statement. Accordingly, any error in admitting the outcry statement was harmless in light of the other evidence involving similar testimony that was admitted without objection. *See Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Appellant also argues that the failure to hold a hearing before admitting the outcry statement violated his rights under due process and due course of law provisions of the U.S. and

–4–

Texas Constitutions, respectively. Appellant raised only a hearsay objection to the outcry statement and did not object on the constitutional grounds. Appellant's objection below does not comport with the constitutional complaints he now raises. Accordingly, he has failed to preserve these complaints for appeal. *See* TEX. R. APP. P.33.1(a)(1); *see also Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991). We overrule appellant's first and second points of error.

**Expert Testimony on A.J.'s Truthfulness and Improper Bolstering**

In points of error three, four, and five, appellant complains about three separate instances in Meehan's testimony asserting it was an improper expert opinion on A.J.'s truthfulness and credibility. Specifically, appellant contends the following italicized testimony from Meehan should not have been admitted:

> Q. Detective, you testified on direct examination a moment ago that the fact that [A.J.] didn't ever say anything more greater, more spectacular was important. Why was that important to you?
>
> * * *
>
> A. I think with the number of cases we investigate, you know, the outcry of the child is one of the most important parts of the investigation, and *I think she came across as very believable because she did not try to embellish anything, she did not try to make up, in my opinion, or say more happened than what actually happened.*
>
> * * *
>
> Q. . . . was there anything else about the [forensic] interview that you feel is important to your investigation that you think needs explaining?
>
> A. No, *I think, you know, credibility of the victim is a big part of it when we watch these interviews.* We look, obviously, for coaching or any type of ideas implanted in the kids to say. She didn't say more than what happened, she didn't say if it was penetration or sexual intercourse. *She just, basically, told what happened, and I think she's very believable.*
>
> * * *
>
> Q. Do you feel [appellant] was truthful in the interview?

–5–

A. No.

Q. Why is that important?

A. Because *I think the victim was believable in her account of what she said happened and the way she described it.* And his inconsistency, I think, in my opinion corroborated her story.

[Emphasis added]. In his seventh point of error, appellant argues the testimony outlined above also improperly bolstered A.J.'s testimony.

To preserve error regarding the admission of evidence, a party must make a timely and specific objection to the evidence and obtain a ruling. *See* TEX. R. APP. P. 33.1(a)(1); *see also Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (with limited exceptions, a party must object each time inadmissible evidence is offered to preserve error for appellate review). At trial, appellant did not object to the above testimony on the grounds that it was an improper expert opinion about A.J.'s truthfulness or that Meehan's testimony constituted improper bolstering.[2] Accordingly, he has failed to preserve these contentions for our review. We overrule appellant's third, fourth, fifth, and seventh points of error.

**Motion to Suppress Appellant's Recorded Police Interview**

In his eighth point of error, appellant contends the trial court erred in denying his motion to suppress his recorded interview because he did not knowingly, intelligently, and voluntarily waive his rights under *Miranda* or article 38.22 of the code of criminal procedure. *See Miranda v. Arizona*, 384 U.S. 436 (1966); TEX. CODE CRIM. PROC. ANN. art. 38.22 (West Supp. 2013). To support his contentions, appellant references his advanced age of seventy-eight, the fact that he spoke very little English and was arrested at his home early in the morning, then interviewed by three armed officers at the police station at 4 a.m. or 5 a.m. He also complains that the trial court

---

[2] The trial court overruled appellant's objection to the prosecution's first question on the grounds that it called for speculation. Appellant made no objection after Meehan gave his response. Appellant also did not object to the other two instances of testimony he now challenges.

failed to hold a hearing or enter findings of fact and conclusions of law regarding the voluntariness of his statement pursuant to section 6 of article 38.22. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6.

We review a trial court's ruling regarding alleged *Miranda* violations under the totality of the circumstances, deferring to the trial court's determination on questions of historical fact and credibility while reviewing de novo all questions of law and mixed questions of law and fact that do not turn on credibility. *Leza v. State*, 351 S.W.3d 344, 349 (Tex. Crim. App. 2011). The Fifth Amendment right against self-incrimination is satisfied only when a defendant in custody gives his statements voluntarily. *Miranda*, 384 U.S. at 444. In order to ensure a statement is given voluntarily, police officers must supply the defendant with their legal rights and warnings. *Id*. at 467. When a defendant asserts a statement was obtained in violation of *Miranda* doctrine, the State must establish a valid waiver of *Miranda* rights by proving by a preponderance of the evidence that the waiver was (1) a product of a free and deliberate choice rather than intimidation, coercion, or deception and (2) made with full awareness of the nature of the abandoned right together with the consequences of the decision to abandon it. *See Leza,* 351 S.W.3d at 349. Only when the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of understanding will the State meet their burden. *See Joseph v. State,* 309 S.W.3d 20, 25 (Tex. Crim. App. 2010) (quoting *Moran v. Burbine,* 475 U.S. 412, 421 (1986)).

Because the trial court did not make findings of fact regarding the voluntariness of appellant's statement, we abated the appeal in order for the trial court to do so. *See Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (appellate court must abate appeal for findings of fact when appellant challenges voluntariness of statement, even when findings not requested in trial court). Among other things, the trial court found that appellant was read his

rights in Spanish by a Spanish-speaking officer, who also translated during the interview. Appellant said that he understood his rights and wanted to speak to the police. The trial court also found that the officers' conduct during the interview was not coercive or intimidating, that the officers never brandished, gestured to, or made reference to their holstered weapons, and the officers spoke to appellant in a polite, conversational manner, except towards the end of the interview when two officers raised their voices. The trial court also found that neither the time the interview was conducted nor appellant's age affected his waiver of rights.

We have reviewed the recording of appellant's interview that was in evidence. The totality of the circumstances supports the trial court's determination that appellant's waiver of his *Miranda* rights was voluntary. The evidence showed appellant was read his *Miranda* rights in Spanish, indicated he understood his rights, and was willing to talk to the police with the assistance of the Spanish speaking officer. There is no evidence that the officers intimidated or coerced appellant into waiving his rights. Throughout most of the interview, the officers spoke to appellant in a polite and conversational manner. During the interview, one officer's actions of leaning against appellant when seated next to him were undertaken to demonstrate appellant's explanation of how the complainant would sit with him. Contrary to appellant's contentions, appellant did not appear intimidated by this demonstration. Moreover, there is nothing to suggest appellant's age or the time of day the interview occurred affected the voluntariness of appellant's waiver. After he was *Mirandized* in Spanish and agreed to talk to the officers, appellant was responsive and cooperative, never asked to terminate the interview, or asked for an attorney. We overrule appellant's eighth point of error.

**Jury Instruction**

In his ninth point of error, appellant argues the trial court erred in instructing the jury as follows:

In this case you have received testimony with the assistance of an official court interpreter. The evidence you are to consider is only that provided through the official court interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words, if any.

Appellant asserts the above instruction was an improper comment on the weight of the evidence because it told the jury to disregard the untranslated Spanish statements on appellant's recorded interview and consider only the statements translated into English by the Spanish speaking officer on the recording. Appellant cites no legal authority for his position that the court's instruction was improper and we disagree with appellant's contention for several reasons. First, the instruction makes no reference to the appellant's recorded interview or the Spanish-speaking officer's translation. Second, two of the defense witnesses testified at trial through a Spanish interpreter necessitating the above instruction. The official court interpreter's translation created the only permanent record of what these witnesses said for purposes of appeal. *See Flores v. State*, 299 S.W.3d 843, 855–56 (Tex. App.—El Paso 2009, pet. ref'd). Finally, to the extent appellant now complains under this issue that the recording was admitted without a contemporaneous translation, appellant did not raise this objection at trial and, thus, failed to preserve that complaint for appellate review.[3] *See* TEX. R. APP. P. 33.1(a). We overrule appellant's ninth point of error.

**Ineffective Assistance of Counsel**

In his sixth point of error, appellant raises an ineffective assistance claim based on his counsel's failure to object at trial to the purported expert testimony on A.J.'s credibility identified in points of error three through five above, as well as the following portion of the forensic interviewer's testimony:

---

[3] Officer Mitchell testified at trial and appellant was able to cross-examine her on her qualifications and her translation during the recorded interview.

Q. Did [A.J.] exaggerate or sexualize any of what she was telling you?

A. I don't think so, not from what I remember.

Q. Why is it important that she not exaggerate what happened to her?

A. Because she's telling you exactly what happened and she's not adding on some more things that she can't support or . . . that she can't give supporting details about. She's not just trying to get someone in trouble, she's just telling you what happened.

To prevail on an ineffective assistance of counsel claim, appellant must establish both that his trial counsel performed deficiently and that the deficiency prejudiced him. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, the record on appeal must be sufficiently developed to overcome the strong presumption of reasonable assistance. *See Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Absent an opportunity for trial counsel to explain his actions, we will not conclude his representation deficient "unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). If, however, no reasonable strategy could justify trial counsel's conduct, counsel's performance is deficient as a matter of law regardless of whether the record reveals his subjective reasons for his actions. *See Andrews v. State,* 159 S.W.3d 98, 102 (2005).

Here, the record is silent as to trial counsel's reasons for not objecting to purported opinion testimony about complainant's credibility. Because appellant has failed to rebut the presumption of counsel's competence under the first prong, we need not consider the requirements of the second prong. *See Lopez v. State*, 343 S.W.3d 137, 143–44 (Tex. Crim. App. 2011) (on silent record, court of appeals erred in concluding counsel's failure to object to improper outcry-witness testimony and also allow opinion testimony about the credibility of complainant was ineffective assistance). We overrule appellant's sixth point of error.

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121538F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOMINGO SANCHEZ-RODRIGUEZ, Appellant

No. 05-12-01538-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-80148-2012.
Opinion delivered by Justice Evans, Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of March, 2014.

/David Evans/
DAVID EVANS
JUSTICE