ACCEPTED
14-14-00263-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/20/2015 7:45:03 PM
CHRISTOPHER PRINE
CLERK

# No. 14-14-00263-CR

In the
## Court of Appeals
For the
## Fourteenth District of Texas
At Houston

—————◆—————

No. 1373854
In the 262nd Criminal District Court
Of Harris County, Texas

—————◆—————

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

1/20/2015 7:45:03 PM

CHRISTOPHER A. PRINE
Clerk

## LEONARD CHARLES HICKS

*Appellant*

V.

## THE STATE OF TEXAS

*Appellee*

—————◆—————

## STATE'S APPELLATE BRIEF

—————◆—————

DEVON ANDERSON
District Attorney
Harris County, Texas

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net

ERIN EPLEY
Assistant District Attorney
Harris County, Texas

Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713·755·5826

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State requests oral argument only if appellant requests oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Complainant, victim, or aggrieved party:*

> Minor child

*Counsel for the State:*

> **Devon Anderson** — District Attorney of Harris County
> **Bridget Holloway** — Assistant District Attorney on appeal
> **Erin Epley** — Assistant District Attorney at trial

*Appellant or criminal defendant:*

> **Leonard Charles Hicks**

*Counsel for Appellant:*

> **Kenneth McCoy** — Attorney at trial
> **Michael P. Fosher** — Attorney on appeal

*Trial Judge:*

> **Honorable Denise Bradley** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ........................................................ i

IDENTIFICATION OF THE PARTIES ....................................................................... i

TABLE OF CONTENTS ............................................................................................ ii

INDEX OF AUTHORITIES ...................................................................................... iii

STATEMENT OF THE CASE .................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 1

SUMMARY OF THE ARGUMENT .......................................................................... 3

REPLY TO APPELLANT'S FIRST ISSUE PRESENTED ......................................... 4

    Standard of Review ............................................................................................ 4
    Analysis .............................................................................................................. 5

REPLY TO APPELLANT'S SECOND ISSUE PRESENTED..................................... 8

    Analysis .............................................................................................................. 9

REPLY TO APPELLANT'S THIRD ISSUE PRESENTED......................................... 11

    Analysis .............................................................................................................. 12

CONCLUSION ......................................................................................................... 14

CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE ...................... 15

# INDEX OF AUTHORITIES

CASES

*Adames v. State,*
    353 S.W.3d 854 (Tex. Crim. App. 2011)....................................................................4

*Bartlett v. State,*
    270 S.W.3d 147 (Tex. Crim. App. 2008)....................................................................4

*Campos v. State,*
    589 S.W.2d 424 (Tex. Crim. App. 1979) .................................................................10

*Clayton v. State,*
    235 S.W.3d 772 (Tex. Crim. App. 2007)....................................................................5

*Curry v. State,*
    30 S.W.3d 394 (Tex. Crim. App. 2000) .....................................................................5

*Duncan v. State, .*
    95 S.W.3d 669
    (Tex. App. —Houston [1st Dist.] 2002, pet. ref'd) ..................................................11

*Jackson v. Virginia,*
    443 U.S. 307, 99 S.Ct. 2781 (1979) ...........................................................................4

*Jones v. State,*
    428 S.W.3d 163
    (Tex. App. —Houston [1st Dist.] 2014, no pet.) ........................................................6

*Kemp v. State,*
    846 S.W.2d 289 (Tex. Crim. App. 1992) .................................................................10

*Ladd v. State,*
    3 S.W.3d 547 (Tex. Crim. App. 1999) .....................................................................10

*Lancon v. State,*
    253 S.W.3d 699 (Tex. Crim. App. 2008)................................................................5, 8

*Leday v. State,*
   983 S.W.2d 713 (Tex. Crim. App. 1998)...................................................... 11

*Lee v. State,*
   176 S.W.3d 452
   (Tex. App. —Houston [1st Dist.] 2004) ............................................. 6

*Martines v. State,*
   371 S.W.3d 232
   (Tex. App. —Houston [1st Dist.] 2011, no pet.); ............................. 6

*Martinez v. State,*
   178 S.W.3d 806 (Tex. Crim. App. 2005)........................................... 6

*Osbourn v. State,*
   92 S.W.3d 531 (Tex. Crim. App. 2002)............................................ 12

*Sharp v. State,*
   707 S.W.2d 611 (Tex. Crim. App. 1986) ........................................... 5

*Simpson v. State,*
   119 S.W.3d 262 (Tex. Crim. App. 2003) ......................................... 10

*Tear v. State,*
   74 S.W.3d 555
   (Tex. App. —Dallas 2002, pet. ref'd) ............................................. 6, 7

*Williams v. State,*
   235 S.W.3d 742 (Tex. Crim. App. 2007) ......................................... 5, 7

*Wood v. State,*
   18 S.W.3d 642 (Tex. Crim. App. 2000) ........................................... 10

## STATUTES

TEX. CODE CRIM. PROC. ANN.
  art. 38.07(a) (Vernon Supp. 2014) ............................................................. 6

TEX. PENAL CODE ANN.
  § 22.021(a)(1)(B)(i) (Vernon Supp. 2014) ................................................ 5, 6


## RULES

TEX. R. APP. P. 38.2(a)(1)(A) ............................................................................. i

TEX. R. APP. P. 39.1 ............................................................................................ i

TEX. R. APP. P. 9.4(g) ......................................................................................... i

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

Appellant, Leonard Charles Hicks, was charged by indictment aggravated sexual assault of a child. The charge was enhanced with two prior felony convictions for delivery of a controlled substance and burglary of a habitation. (CR at 23). Appellant entered a plea of "not guilty" to the offense. (RRIII at 11). A jury found appellant guilty as charged and later assessed his punishment at confinement for 65 years. (RRVI at 22, 46). A written notice of appeal was timely filed. (CR at 133).

———————◆———————

## STATEMENT OF FACTS

Janet Green and her partner, Pamela Richardson, received a phone call in January 2012 to see if they could take in appellant's three-year-old daughter, the complainant, who needed a home and someone to care for her. (RRIII at 13-14, 23, 54). The ladies took the complainant in, as well as her three-year-old sister seven months later. (RRIII at 15). While the complainant was very smart and talkative, the women noticed behavior that was inappropriate for her age. (RRIII at 15, 18). For example, the complainant once dressed in a tutu skirt and high heels and danced "like you would see somebody in a strip club doing." (RRIII at 18, 55). The

complainant also frequently used hard objects between her legs to masturbate. (RRIII at 19, 55). When asked where she learned to do that, the complainant said "daddy." (RRIII at 58). The complainant's younger sister also exhibited similar behavior. (RRIII at 19).

In addition to being afraid of men, the complainant was frightened of the police, afraid of going to jail, and of being shot by a gun. (RRIII at 26). She talked about killing herself and preferring it instead of being killed by her parents. (RRIII at 27). The complainant stated she liked that Janet and Pam did not get mad at her when she was in the bathroom and "snatch her off the toilet and put [her] on [their] lap and go up and down with [her]." She said her dad, while naked, would do that with her. (RRIII at 59). She said that one time her mother put ointment on her "tu-tu" because it bled after her dad stuck his finger in it. (RRIII at 60). She also mentioned that Hide-and-Go-Seek was a game her family played at home where she would hide and "they" would play with her "tu-tu" when they found her. (RRIII at 24, 61). She claimed that her older brother did not like playing with her "tu-tu" when her mom and dad told him to. (RRIII at 61). The complainant referred to her female genitalia as her "tu-tu." (RRIII at 60; RRIV at 78, 91, 122).

———————◆———————

2

# SUMMARY OF THE ARGUMENT

*State's Reply to Appellant's First Issue:*

Because the complainant testified that appellant sexually assaulted her, and because physical evidence is not required in a sexual assault case, the evidence is sufficient to support appellant's conviction.

*State's Reply to Appellant's Second Issue:*

Any deduction that the complainant's sexual conduct was due to appellant was not so prejudicial, in light of other evidence, as to require a mistrial. The trial court, therefore, did not abuse its discretion by denying the motion for mistrial.

*State's Reply to Appellant's Third Issue:*

Because Janet was not offered as an expert witness at trial, but was a lay witness capable of expressing an opinion on the complainant due to her personal experience and knowledge, the trial court did not err by admitting her opinion.

———————◆———————

3

## REPLY TO APPELLANT'S FIRST ISSUE PRESENTED

In his first issue presented on appeal, appellant argues the evidence is insufficient to support the jury's verdict. Specifically, appellant complains that the State failed to meet its burden of proof because of inconsistent evidence and no physical evidence that the complainant was assaulted. Because the complainant testified that appellant sexually assaulted her, and because physical evidence is not required in a sexual assault case, the evidence is sufficient to support appellant's conviction.

### STANDARD OF REVIEW

When reviewing the sufficiency of the evidence, the evidence is seen in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence). The jurors are the exclusive judges of the facts and the weight to be given to the testimony. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). A jury, as the sole judge of credibility, may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.

App. 1986); *see also Henderson v. State*, 29 S.W.3d 616, 623 (Tex. App. —Houston [1st Dist.] 2000, pet. ref'd) (stating jury can choose to disbelieve witness even when witness's testimony is uncontradicted). This Court may not re-evaluate the weight and credibility of the evidence or substitute its own judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Almost complete deference is afforded to the jury's credibility determinations. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). Any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.").

## ANALYSIS

To establish that appellant committed the offense of aggravated sexual assault of the complainant, as charged in the indictment, the State had to prove that appellant intentionally or knowingly penetrated the complainant's sexual organ with his finger. *See* TEX. PENAL CODE ANN. § 22.021(a)(l)(B)(i) (Vernon Supp. 2014). A conviction for aggravated sexual assault of a child is "supportable on the uncorroborated testimony of the victim of the sexual offense." TEX. CODE

CRIM. PROC. ANN. art. 38.07(a) (Vernon Supp. 2014); *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005) (noting that article 38.07 "deals with the sufficiency of evidence required to sustain a conviction for" certain sexual offenses) (emphasis in original). The State has no burden to produce any corroborating or physical evidence. *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App. —Houston [1st Dist.] 2011, no pet.); *see also Lee v. State*, 176 S.W.3d 452, 458 (Tex. App. —Houston [1st Dist.] 2004) ("The lack of physical or forensic evidence is a factor for the jury to consider in weighing the evidence."), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). Likewise, a child victim's outcry statement alone can be sufficient to support a sexual assault conviction. *See Jones v. State*, 428 S.W.3d 163, 169 (Tex. App. —Houston [1st Dist.] 2014, no pet.); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App. —Dallas 2002, pet. ref'd).

Here, the complainant identified appellant as her father and testified he "dug in [her] tu-tu" twice while she was at her cousin's house. (RRIV at 121, 130, 134). The complainant identified her vagina as her "tu-tu." (RRIV at 122). The complainant testified to the essential elements of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i). Her testimony, standing alone, is sufficient to sustain appellant's conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (Vernon Supp. 2014); *Jones*, 428 S.W.3d at 169; *Martines*, 371 S.W.3d at 240; *Lee*, 176 S.W.3d at 458.

6

Moreover, the evidence further showed that the complainant made an outcry to Janet that her dad liked to play with her "tu-tu." (RRIII at 24). And, she told Pamela that one time he made her "tu-tu" bleed after sticking his long finger nails in her "tu-tu." (RRIII at 60). She further told her pediatrician that her dad rubbed her front with his finger. (RRIV at 32-33). The complainant's outcry statement is also sufficient, standing alone, to sustain a sexual assault conviction. *See Jones*, 428 S.W.3d at 169; *Tear*, 74 S.W.3d at 560. Additionally, the complainant's brother, appellant's son, testified he saw his dad touch the complainant's "middle part," also known as "tu-tu." (RRIII at 78-79).

In arguing that the State failed to present sufficient evidence, appellant points to the lack of physical evidence and the "number of inconsistencies" (not noted in his argument, just stated as fact). In sexual assault of a child cases, the State has no burden to present any corroborating or physical evidence of the abuse. *Jones*, 428 S.W.3d at 169; *Martines*, 371 S.W.3d at 240; *Lee*, 176 S.W.3d at 458. The 5-year-old complainant, while not forthcoming at first, testified that appellant committed acts constituting aggravated sexual assault, and her testimony alone is sufficient to support the conviction. *See, e.g., Jones*, 428 S.W.3d at 169. Her brother testified to witnessing the abuse. The jury heard the evidence, credited their testimony, and found appellant guilty. *See Williams*, 235 S.W.3d at 750; *see also*

7

*Lancon*, 253 S.W.3d at 705 (stating that the court affords almost complete deference to jury's credibility determinations).

Viewing the evidence in the light most favorable to the verdict, sufficient evidence was presented to support appellant's conviction for aggravated sexual assault of a child. Appellant's first issue presented on appeal should be overruled.

―――――――◆―――――――

## REPLY TO APPELLANT'S SECOND ISSUE PRESENTED

In his second issue presented on appeal, appellant argues the trial court abused its discretion in denying his request for a mistrial after the jury heard the following from the complainant's therapist regarding the complainant's "regression:"

> [State]: Anything about your experience with [the complainant] lead you to have concerns about her psychological well-being?
>
> [Therapist]: Sometimes, uh-huh.
>
> [State]: How so?
>
> [Therapist]: When I start seeing her kind of regressive, starting to have problems or behaving in certain ways, I get concerned.
>
> [State]: And regressing in what way?
>
> [Therapist]: She may go back to having problems with sleep, ignoring totally what you asked her to do, those kind of things.

8

[State]: And in the year of seeing her, does her regression, did it seem to be tied to anything in specific?

[Therapist]: The last time I remember was when she saw her little brother, she was very happy to see the little boy, but after she went home and she lives with another sibling and immediately they became so sexually [sic] between the two of them that it was almost impossible to dismount them one from the other.

(RRIV at 56). Appellant objected to hearsay, and the State agreed and pointed out that was not the answer it was expecting. The trial court sustained the objection, instructed the jury to disregard, and denied appellant's request for a mistrial. (RRIV at 57). Any deduction that the complainant's sexual conduct was due to appellant was not so prejudicial, in light of other evidence, as to require a mistrial. The trial court, therefore, did not abuse its discretion by denying the motion for mistrial.

## ANALYSIS

Appellant argues on appeal that the testimony of the complainant's prior sexual conduct was introduced for the sole purpose of inflaming the jury by "asking them to deduce that [the complainant's] sexual conduct with other

9

siblings was due to her sexual conduct with [him]."[1]  The record, however, shows that the State had no purpose for the unsolicited hearsay and it was not so prejudicial as to require a mistrial.

The trial court's denial of a motion for mistrial is reviewed for an abuse of discretion.  *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).  Mistrial is appropriate for a narrow class of "highly prejudicial and incurable errors[,]" and may be granted when the court is "faced with error so prejudicial that 'expenditure of further time and expense would be wasteful and futile.'"  *Id.* (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)).  Instructing the jury to disregard will generally cure error associated with testimony referring to an extraneous offense.  *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992); *Campos v. State*, 589 S.W.2d 424, 428 (Tex. Crim. App. 1979).  When, as here, a trial court instructs a jury to disregard certain testimony, it is presumed that the jury followed the trial court's instructions.  *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

Here, the trial court sustained appellant's objection and immediately instructed the jury to disregard the testimony.  In addition, the jury heard

---

[1] Appellant's Brief at 32.

testimony that the complainant frequently masturbated with hard objects and that appellant made the complainant's brother play in her vagina. *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App. —Houston [1st Dist.] 2002, pet. ref'd) (Improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial.). Any deduction that the complainant's sexual conduct was due to appellant was not so prejudicial, in light of other evidence, as to require a mistrial. The trial court, therefore, did not abuse its discretion by denying the motion for mistrial.

Appellant's second issue presented on appeal should be overruled.

———————◆———————

## REPLY TO APPELLANT'S THIRD ISSUE PRESENTED

In his third issue presented on appeal, appellant complains the trial court erred in allowing Janet, over objection, to give an "expert opinion" that there was nothing inherently wrong with the complainant. Because Janet was not offered as an expert witness at trial, but was a lay witness capable of expressing an opinion on the complainant due to her personal experience and knowledge, the trial court did not err by admitting her opinion.

## ANALYSIS

Generally, "observations which do not require significant expertise to interpret and which are not based on a scientific theory can be admitted as lay opinions if the requirements of Rule 701 are met. This is true even when the witness has experience and training." *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). Moreover, a lay witness with sufficient personal experience and knowledge may be qualified to express an opinion on a matter outside the realm of common knowledge with respect to events not normally encountered by most people in everyday life. *Id.* "It is only when the fact-finder may not fully understand the evidence or be able to determine the fact in issue without the assistance of someone with specialized knowledge that a witness must be qualified as an expert." *Id.*

On cross-examination, Janet was questioned about the complainant's therapist and that the complainant was put on medication to "calm her down." (RRIII at 44). Janet was then questioned about the complainant's diagnosis, which Janet testified was "ADD, ODD, and ADSD (later corrected to PTSD)." (RRIII at 46). Based upon that testimony, the State asked Janet, on redirect, if she had an opinion as to whether something was inherently wrong with the complainant; Janet responded "no." (RRIII at 49-50). Her testimony required no expertise, but was her lay opinion after her personal experience with, and

12

knowledge of, the complainant. It was not outside of the zone of reasonable disagreement for the trial court to conclude that Janet's opinion might be helpful to the jury. The trial court did not abuse its discretion by admitting Janet's testimony.

Appellant's third issue presented on appeal should be overruled.

———————◆———————

# CONCLUSION

It is respectfully submitted that all things are regular and that the conviction should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
713.755.5826
Texas Bar No.  24025227
holloway_bridget@dao.hctx.net

## CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE

This is to certify: (a) that the word count of the computer program used to prepare this document reports that there are 3328 words in the document; and (b) that the undersigned attorney requested that a copy of this document be served to appellant's attorneys via TexFile at the following email on January 20, 2015:

Michael P. Fosher
Attorney for Appellant
Email: (not listed in brief, will use one, if any, on file with TexFile)

/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
713.755.5826
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net